Catron, J.
delivered the opinion of the court.
It is contended by Bell, that Quarles was bound to elect by the eighteenth of April 1820, and if he failed, his right was forfeited. Quarles had a vested interest that could not be forfeited for want of election on the day *465 when Bell was bound to convey. 9 Vin. Ab. Election B. Co. Lit. 145, a: Basset vs. Maynard, Cro. E. 819.
Bell could not comply with his covenant until Quarles elected, before the eighteenth of April 1820. The case of Billingsley vs. Hersey, (reported 9 Vin. Ab. Election C. 12, 362,) lays down the true rule. Quarles failing to elect on or before the eighteenth of April, the right of election devolved on Bell, and he might tender a conveyance for either of the lots. There was a time limited for making the election: Quarles having slept the time, Bell had the right to save his covenant. If there had been no time fixed, then Bell would have been bound to request Quarles to elect, and on refusal, Bell would have had the right. Such is common sense, and undoubted law. Bell having had the right to elect, had the right to sel! the Lot No. 13, which was an election that Quarles should not have that lot. Nor had Quarles any right to elect it after Bell had conveyed it. 9 Vin. Ab. Election B. 5: Palmer’s case, 5 Reports, 25, a. Had Bell refused to elect in a reasonable time after the eighteenth of April, then Quarles might have requested him to elect out of the unsold lots, because the time of election fixed by the covenant having gone by, it stood as if no time had been fixed, and the right of election was in Bell. In such case, the authority in Viner fixes the rule. Bell failing on request, the right again devolved on Quarles. Still this was at the discretion of Quarles, and if Bell did hot tender a conveyance for one of the lots, he broke his covenant, and might be sued and damages recovered; but the damages could not be for the value of the Lot No. 13. The circuit court misdirected the jury. The true damages was the $¡500, with interest from the commencement of this suit. The election of Lot No. 13 was a nugatory act, and cannot be noticed. The reasonable time within which Bell was to convey, was when requested by Quarles. This suit was the first request, or rather the first notice, that the money, and not the lot, was claimed. *466 Under the circumstances of this case, this was the reasonable time at which Bell ought to have conveyed. From such time only, interest by way of damages ought tp be allpWed,
Judgment reversed.